UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15-cr-40064-SLD |
| TERRANCE LAMONT MASON, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Terrance Lamont Mason's pro se motion for compassionate release, ECF No. 27, counseled Amended Motion for Compassionate Release, ECF No. 35, and Motion for Leave to File Exhibits #4 and #5 Under Seal, ECF No. 36, and the United States' motions for leave to file exhibits under seal, ECF Nos. 40, 41. For the reasons that follow, the motions for compassionate release are DENIED, and the motions for leave to file exhibits under seal are GRANTED.

BACKGROUND

On August 11, 2016, Defendant was sentenced to 108 total months of imprisonment: 60 months for possession of a firearm in furtherance of a drug trafficking crime and 48 months for unlawful possession of a firearm and ammunition, to be served consecutively. Judgment 1–2, ECF No. 20. He is currently serving his sentence at Federal Correctional Institution ("FCI") Pekin in Pekin, Illinois and is scheduled to be released on February 8, 2023. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for BOP Register Number "20145-026") (last visited Aug. 6, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with

1

respect to this motion. *See* Dec. 2, 2020 Text Order. An amended motion was filed by counsel on February 12, 2021. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 42. The Court directed Defendant to file a reply addressing his refusal of the COVID-19 vaccine, *see* Apr. 13, 2021 Text Order, which he did on April 16, 2021, *see* Reply, ECF No. 45.

## DISCUSSION

### I.   Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### II.  Analysis

Defendant argues that his chronic medical conditions—hypertension, edema, and being overweight—as well as his race constitute extraordinary and compelling reasons for release. Am. Mot. Compassionate Release 6–7. He acknowledges that he previously contracted COVID-19 and has since recovered but argues that his "previous bout . . . provides him little or no

assurance that he is not at risk of re-infection of the deadly disease." *Id.* at 7. The United States argues that Defendant has not shown an extraordinary and compelling reason for release because he refused the COVID-19 vaccine and because he has already had COVID-19 and was asymptomatic, so he has a diminished risk for severe complications in the event he is reinfected. Resp. 19–25.[1] Defendant argues that he "should not be penalized for refusing the vaccine," Reply 2, explaining that his choice to refuse the vaccine was "based on medical autonomy, thoughts, feelings, scientific views, and years of personal experience," *id.* at 9.

The Seventh Circuit recently decided in *United States v. Broadfield*, --- F. 4th ---, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021), that "a prisoner who remains at elevated risk [for contracting COVID-19 or having severe complications from COVID-19] because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release," noting that "[t]he risk is self-incurred." It explained that "[a] prisoner who can show that he is unable to receive or benefit from a vaccine" can potentially establish extraordinary and compelling reasons based on the COVID-19 pandemic, "but[] for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* Defendant's vague arguments about why he declined to be vaccinated do not establish that he is unable to receive or benefit from the COVID-19 vaccine. Therefore, the Court finds that Defendant has failed to establish an extraordinary and compelling reason for release based on the COVID-19 pandemic.

---

[1] The United States agrees that Defendant exhausted his administrative remedies, Resp. 15, so the Court need not address the exhaustion requirement. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

## CONCLUSION

Accordingly, Defendant Terrance Lamont Mason's pro se motion for compassionate release, ECF No. 27, and counseled Amended Motion for Compassionate Release, ECF No. 35, are DENIED. The Motion for Leave to File Exhibits #4 and #5 Under Seal, ECF No. 36, and the United States' motions for leave to file exhibits under seal, ECF Nos. 40, 41, are GRANTED because Defendant's medical records should be sealed.

Entered this 6th day of August, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE